**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DERRICK HUNTE,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 14-6451** |
| | : | |
| | : | |
| **TAMMY FERGUSON,** *et al.*, | : | |
| **Respondents.** | : | |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                          **January 25, 2017**

Petitioner Derrick Hunte[1] seeks relief in this Court pursuant to 28 U.S.C. § 2254, arguing

that his state-court conviction was imposed in violation of the United States Constitution.

Magistrate Judge David R. Strawbridge issued a Report and Recommendation ("R&R")

recommending that the Petitioner's claims be denied without a hearing, to which Petitioner

objected.  For the following reasons, Petitioner's objections will be overruled and the petition for

writ of habeas corpus will be denied.

## I.   PROCEDURAL HISTORY[2]

In 2009, Petitioner was convicted by a jury of robbery, robbery of a motor vehicle,

criminal conspiracy, carrying a firearm without a license, carrying a firearm in public, and

possessing an instrument of crime, and sentenced to an aggregate term of 16 to 40 ½ years of

imprisonment.  These charges stemmed from a carjacking.

On the night of January 29, 2007, Petitioner and three codefendants stole a car from a

victim at gunpoint and crashed it into a parked car during a chase with police shortly afterward.

---

[1] Petitioner was prosecuted using the name "Derrick Hunt," but like the Magistrate Judge, the Court refers to him using the name "Hunte," under which he filed this petition.

[2] The facts and procedural history are taken from the R&R.  Doc. No. 18 at 2-5.

Petitioner was apprehended after he fled the stolen vehicle on foot.  The victim then identified Petitioner by his face, dreadlocks, complexion, voice, and accent.  In addition, the victim told police that one of his robbers had been wearing a green knit skull cap with a hole cut in it, and a hat matching that description was found in Petitioner's pocket after he was arrested.  Petitioner was convicted based on the victim's identification and the cap, among other evidence.

On direct appeal, Petitioner unsuccessfully challenged the sufficiency of the evidence used to identify him as one of the carjackers, and the Superior Court affirmed his conviction. Petitioner sought collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), but his petition was dismissed by the PCRA court.  Petitioner appealed this dismissal to the Superior Court, raising five claims based on the alleged ineffective assistance of his trial counsel and one claim that he was entitled to PCRA relief under a "cumulative error" standard.  The Superior Court affirmed the dismissal of his petition, however, and the Pennsylvania Supreme Court denied allocatur.

Petitioner then filed this *pro se* habeas petition.  The District Attorney filed a response on the merits, to which Petitioner did not reply.  Magistrate Judge Strawbridge issued an R&R on April 29, 2016, recommending that the petition be dismissed.  Petitioner responded with an "Objection" on May 16, 2016, that generally disputed Magistrate Judge Strawbridge's recommendation, but did not respond to any of the specific conclusions in the R&R.[3]  Instead, Petitioner asserted his innocence, raised several new arguments, and requested an extension of 30 days to "file a full response" to the R&R.[4]  Petitioner also sought leave to amend the petition to assert new claims based on relatively recent United States Supreme Court cases, the

---

[3] Doc. No. 20 (Objection).

[4] *Id.* at 2.

applicability of which were not clear.  Magistrate Judge Strawbridge granted the request for an extension of time, but denied the request for leave to amend, ruling instead that Petitioner could address "any effect that new cases have had on his petition in his objections."[5]  Petitioner has not filed any objections within the 30-day extension period, however.  The Court will now evaluate the petition on the merits, as well as the arguments raised for the first time in Petitioner's objections.

## II.    LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Petition.  Under the AEDPA, "a district court shall entertain an application for a writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[6]  Where, as here, the petition is referred to a magistrate judge for a report and recommendation, a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[7]

All three of Petitioner's claims concern ineffectiveness of counsel.  Under the Supreme Court's decision in *Strickland v. Washington*, counsel is presumed to have acted reasonably and to have been effective unless a petitioner can demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the petitioner.[8]  Counsel's

---

[5] Doc. No. 21.

[6] 28 U.S.C. § 2254(a).

[7] 28 U.S.C. § 636(b)(1).

[8] 466 U.S. 668, 687 (1984).

performance is only deficient when it is "outside the wide range of professionally competent assistance."[9]  Prejudice occurs upon a showing that there is a reasonable possibility that but for counsel's deficient performance the outcome of the underlying proceeding would have been different.[10]  For example, "[a]n attorney cannot be ineffective for failing to raise a claim that lacks merit," because in such cases, the attorney's performance is not deficient, and would not have affected the outcome of the proceeding.[11]  Similarly, an ineffective assistance of counsel claim is not established upon the showing that an error had an effect on the proceedings; rather, a defendant must show that there is a reasonable probability that the outcome would have been different in the absence of such errors.[12]

When the state court has squarely addressed the issue of counsel's representation, the district court faces a double layer of deference.[13]  "[T]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable, which is different from asking whether defense counsel's performance fell below Strickland's standard."[14]  Federal habeas courts must "take a highly deferential look at counsel's performance under *Strickland*, through the deferential lens of 2254(d)."[15]

---

[9] *Id.* at 690.

[10] *Lewis v. Horn*, 581 F.3d 92, 106-07 (3d Cir. 2009).

[11] *Singletary v. Blaine*, 89 F. App'x 790, 794 (3d Cir. 2004) (citing *Moore v. Deputy Comm'r of SCI-Huntingdon*, 946 F.2d 236, 245 (3d Cir. 1991)).

[12] *Strickland*, 466 U.S. at 694.

[13] *Premo v. Moore*, 562 U.S. 115, 123 (2011)

[14] *Grant v. Lockett*, 709 F.3d 224, 232 (3d Cir. 2013) (citation and internal quotations omitted).

[15] *Id.* (citation and internal quotations omitted).

**III.     DISCUSSION**

### A.  Petitioner's Ineffective Assistance of Counsel Claims

Petitioner alleges three claims concerning the ineffectiveness of his trial counsel:  (1) that counsel was ineffective in litigating the motion to suppress the victim's out-of-court identification of Petitioner; (2) that counsel failed to object when the trial court refused to give a requested cautionary instruction regarding the victim's identification of Petitioner; and (3) that counsel should have objected to the prosecutor's closing argument, in which the prosecutor expressed her belief that Petitioner was guilty.  The Superior Court determined that all these claims failed on the merits because counsel's performance was not constitutionally inadequate, and the R&R concluded that this was not an unreasonable application of the *Strickland* standard.

### 1.  Suppression of the Victim's Out-of-Court Identification

First, Petitioner argues that counsel was ineffective while litigating the motion to suppress the victim's out-of-court identification of Petitioner and one of his co-defendants.[16] Specifically, Petitioner argues that he was "unconstitutionally stopped" by the police based only on the victim's description of his robbers as "black males" wearing "dark clothing," and that counsel was ineffective for failing to suppress the victim's subsequent identification of Petitioner as a fruit of that allegedly unlawful stop.[17]

As both the Superior Court and the R&R found, this claim fails because counsel's performance was not deficient.[18]  Prior to trial, Petitioner's co-defendant moved to suppress the victim's identification, and Petitioner's counsel joined in the motion, participated in the cross-

---

[16] Doc. No. 1 (Petition) at 5.

[17] *Id.*

[18] R&R at 9-11.

examination of the prosecution's witnesses, and offered argument to the Court.[19]   The trial court denied the motion, finding that the police had reasonable suspicion to detain Petitioner and his co-defendant, and that the victim had identified them in circumstances that were not unconstitutionally suggestive.[20]   On review of Petitioner's PCRA petition, the Superior Court agreed, finding that the police had reasonable suspicion to stop Petitioner because he and his co-defendants matched the victim's description of his assailants, they were the only people on the "otherwise deserted streets" in the vicinity of the carjacking shortly after it took place, and Petitioner was suspiciously not wearing a jacket despite the fact that it was a cold January night.[21]   The Superior Court thus concluded that Petitioner's stop was supported by reasonable suspicion and that the victim's subsequent identification was not invalid, meaning that the trial court properly denied the suppression motion on the merits, not because of any deficiency in counsel's performance.[22]

The Court agrees.  Counsel was fighting a losing battle on the suppression motion, and Petitioner offers no cogent explanation as to how counsel's performance on that front fell below the standard guaranteed by the Sixth Amendment.  While Petitioner argued before the Superior Court that counsel should have filed a separate suppression motion, rather than joining his co-defendant's, and failed to present case law in support of the motion, these proposed tactical shifts likely would not have altered the trial court's ruling, given the evidence that Petitioner's stop was

---

[19] *Id.* at 9.

[20] *Id.*

[21] *Id.* at 9, 10 (quoting *Commonwealth v. Hunte*, No. 1528 EDA 2013, slip op. at 7 (Pa. Super. Ct. Apr. 9, 2014) ("*Hunte II*") (Ex. C to Response, Doc. No. 15-3)); *see also generally Terry v. Ohio*, 392 U.S. 1, 21 (1968) (explaining that in order to justify a stop, a "police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion").

[22] R&R at 10.

supported by reasonable suspicion.[23]  The Superior Court's conclusion that counsel was not ineffective was thus reasonable.

### 2. The Trial Court's Refusal to Give an Eyewitness Cautionary Instruction

Second, Petitioner argues that counsel was ineffective for "not objecting to the denial of an eyewitness cautionary instruction" (sometimes referred to as a "*Kloiber*" instruction).[24] However, both the Superior Court and the R&R found that because Petitioner's counsel requested such an instruction, which the trial court found was unwarranted under Pennsylvania law, there was no point in counsel objecting to this denial.[25]

The Court agrees.  Under Pennsylvania law, a *Kloiber* instruction is only required "where the eyewitness:  (1) did not have an opportunity to clearly view the defendant; (2) equivocated on the identification of the defendant; or (3) had a problem making an identification in the past."[26] None of these circumstances were present, so it was not error for the trial court to refuse to give the cautionary instruction, and counsel was not ineffective for opting not to press the issue after the trial court denied the request.[27]

### 3. Counsel's Failure to Object to the Prosecution's Closing Argument

Finally, Petitioner argues that counsel was ineffective for failing to object during the prosecutor's closing arguments, in which she expressed her "personal belief in [Petitioner's] guilt."[28]  Specifically, the prosecutor ended her closing by telling the jury:  "And I suggest to

---

[23] *Id.* at 9.

[24] Petition at 10; *see generally Commonwealth v. Kloiber*, 106 A.2d 820 (Pa. 1954).

[25] R&R at 14-15.

[26] *Commonwealth v. Gibson*, 688 A.2d 1152, 1163 (Pa. 1997).

[27] R&R at 14 (noting that the Superior Court found that the "the victim testified that he clearly saw [Petitioner], never previously failed to identify [Petitioner] as a carjacker, and his identification at trial was positive and unequivocal").

[28] Petition at 9.

you, when you do carefully consider all of the evidence, that you will come to the same conclusion that I reached a long time ago, which is that the defendant is guilty of the things that he's been charged with."[29]  Petitioner claims that this amounted to an improper expression of personal belief about his guilt, and that his counsel's failure to object rendered counsel ineffective.[30]

The Superior Court and the R&R both recognized that the prosecutor's statement was objectionable, but found that it did not so infect the trial as to invalidate Petitioner's conviction, meaning that counsel was not ineffective for failing to object.[31]  As the Superior Court found, the prosecutor's remark amounted to a single sentence in a 17-page transcript, and the jury was expressly instructed that the arguments of counsel were not evidence.[32]  Moreover, counsel's trial choices are granted considerable deference, and counsel may well have decided not to object to the statement for tactical reasons—such as not wanting to draw attention to the remark, or to avoid making repeated objections during closing arguments.[33]  The Court thus cannot say that counsel's failure to object was constitutionally deficient, or that the Superior Court erred in so holding.

---

[29] R&R at 16-17.

[30] Petition at 9.

[31] *Id.* at 18; *see generally Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974) (explaining that where prosecution's remarks are challenged, the relevant question is whether the improper comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process").

[32] *Id.*; *see also Hunte II* at 10 (noting that the trial court instructed the jury that statements of counsel are not arguments, and that the jury is presumed to have followed such instructions).

[33] *See generally Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) ("[C]ounsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage.").  As the R&R noted, defense counsel had objected to another statement made by the prosecutor shortly before the one in question, and that objection was overruled.  R&R at 19 n.10.  Thus, counsel may have kept quiet to avoid being seen by the jury as making repeated objections or to eliminate the risk of again being overruled during the prosecutor's closing.

### B.  Petitioner's Objections

Petitioner raises a hodge-podge of new claims in his brief objections, none of which are fully explained.  These claims fail for the simple reason that they are vague and appear for the first time in Petitioner's objections.[34]  However, because Petitioner is *pro se*, the Court addresses them to the extent possible, and nonetheless finds that they all lack merit.

First, Petitioner claims that his firearms sentence is unlawful under the Supreme Court's 2013 decision in *Alleyne v. United States*,[35] which held that any fact (aside from a prior conviction) which increases a statutory minimum sentence must be found by a jury.[36]  But *Alleyne* does not apply retroactively to cases on collateral review, and therefore does not aid Petitioner.[37]

Second, Petitioner argues that a "paraffin gunfire test" available to the prosecution proves that he did not discharge a firearm during the carjacking.[38]  However, Petitioner does not appear to have raised this issue during the PCRA proceedings, so it is unexhausted and now likely

---

[34] *Codner v. Warden-Pike Cty.*, Civil Action No. 15-5176, 2016 WL 5721199, at *6 (E.D. Pa. Oct. 3, 2016) ("This Court joins the other courts within this district that have declined to address claims raised for the first time in objections on the basis that it is too late to raise them now for the first time.") (collecting cases); *Fowler v. Mooney*, Civil Action No. 14-1768, 2015 WL 6955434, at *2 (E.D. Pa. Nov. 9, 2015) ("The Court concludes that the interest of justice does not require consideration of the new claims because all such claims could have been presented to the magistrate judge by *pro se* petitioner, and he failed to do so.  Thus, the objections purporting to raise new claims not presented to the magistrate judge are overruled.").

[35] Objection at 1.

[36] 133 S. Ct. 2151, 2155 (2013).

[37] *United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014) (holding that "while *Alleyne* set out a new rule of law, it is not retroactively applicable to cases on collateral review").  To the extent Defendant's argument is based on case law existing at the time of his sentencing and the direct review of his conviction, it is non-exhausted, and now likely procedurally defaulted, for failure to raise it during his state court post-conviction proceedings.  *See* 28 U.S.C. § 2254(b)(1)(A) (requiring that a petitioner "has exhausted the remedies available in the courts of the State" before a claim is cognizable on federal habeas review); *see generally Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (explaining that unexhausted habeas claims will become procedurally defaulted if not timely presented to state courts).

[38] Objection at 2.

procedurally defaulted.[39]  And while Petitioner argues that the paraffin test shows that the prosecution's evidence was "insufficient to convict,"[40] this amounts to a claim that Petitioner's conviction was unsupported by the evidence, which is not cognizable on federal habeas review.[41]

Finally, Petitioner asserts that he is actually innocent and was "framed" by the police,[42] but as noted, Petitioner was convicted following a trial in which the jury heard evidence that Petitioner was positively identified by the victim shortly after the carjacking and was linked to the crime via a distinctive green skull cap.  Given this, Petitioner's conclusory assertion of innocence does not warrant federal habeas relief.[43]

## IV.    CONCLUSION

The objections to the R&R are overruled.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  There is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[44]  An order will be entered.

---

[39] *E.g.*, *Coleman*, 501 U.S. at 750.

[40] Objection at 2.

[41] *E.g.*, *Davis v. Lavan*, Civil Action No. 04-456, 2004 WL 2166283, at *9 (E.D. Pa. Sept. 23, 2004) ("[A] claim that a verdict is against the weight of the evidence is not cognizable on habeas review because it requires an assessment of the credibility of the evidence presented at trial, and a state court's credibility determinations are binding on a federal habeas court.") (citations omitted).

[42] Objection at 1.

[43] *Codner*, 2016 WL 5721199, at *6 (rejecting claim of actual innocence raised for the first time in objections to R&R where petitioner pointed "to no facts supporting his conclusory assertions . . . that he is actually innocent").

[44] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation omitted).